## Russell *v.* Russell, Appellant.

*Conspiracy—Confinement in insane asylum—Evidence of conspiracy—Damages.*

In an action of trespass against two persons for an alleged unlawful conspiracy to commit the plaintiff to an insane asylum, the case is for the jury, and a verdict and judgment for plaintiff will be sustained where the evidence tends to show that the plaintiff was sane on the day of his commitment and had shown no symptoms of insanity for a year more or less; that he had been absent from the county where he lived seven or eight months, but during this period returned to his home neighborhood about every month; that his absence or estrangement was mutually satisfactory to himself and his family; that certain threats or acts of violence alleged as evidence of insanity had happened years before; that the defendants had selected a physician to examine the plaintiff who was a blood relative of the plaintiff, which fact they presumably knew; and that the physician in order to avoid his disqualification to act had made an oath in his certificate that he was of no blood relationship to the plaintiff.

Argued April 23, 1912. Appeal, No. 44, Jan. T., 1912, by defendants, from judgment of C. P. Crawford Co., May T., 1910, No. 138, on verdict for plaintiff in case of Edmund Russell v. Forest W. Russell and Park E. Wood. Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass for conspiracy to commit plaintiff to an insane asylum. Before PRATHER, P. J.

450     RUSSELL *v.* RUSSELL, Appellant.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $1,600. Defendant appealed.

*Error assigned,* amongst others, was in refusing binding instructions for defendants.

*Frank J. Thomas,* with him *John O. McClintock,* for appellants.

*Manley O. Brown* and *Frank M. McClintock,* for appellees.

PER CURIAM, May 13, 1912:

The single question involved on the trial of this case was whether the appellants had unlawfully conspired to commit the appellee to an insane asylum. Under the evidence submitted on the part of the plaintiff, that question could not have been taken from the jury, and their finding was that there had been such a conspiracy. In the opinion refusing judgment for the defendant non obstante veredicto the learned court said: "Taking into consideration the facts that Edmund Russell was admittedly sane the day of his commitment; that the defendants offered no evidence that he had shown any symptoms of insanity for about a year more or less; that he had been absent from the county for about seven or eight months, returning to his home but once or twice in that time, although he returned to his home-neighborhood about every month; that his absence or estrangement was mutually satisfactory to himself and his family; that the threats or acts of violence upon the part of the plaintiff urged by defendants as evidence of insanity if proved, were not of recent occurrence, but to the contrary, happened years before; that the defendants, presumably with knowledge that Dr. Ellison, as a blood relative was disqualified by law to examine and certify to the insanity of

Edmund Russell, selected him as one of the examining physicians, and that too, when the doctor admits that he knew he was disqualified to act, and in order to avoid this disqualification made oath in his certificate that he was of no blood-relationship to the plaintiff, we have a chain of circumstances, every link of which in turn either questions or casts suspicion upon the integrity and good faith of the defendants in the entire proceedings. The absence of justification or probable cause for their conduct sustains the conclusion of the jury that the defendants acted maliciously." For the reasons thus given, the case was for the jury, and, as no error is discoverable in any of the assignments, the judgment on the verdict is affirmed.